```
              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
                        WESTERN DIVISION


FAY CRAGLE CONNER                                      Plaintiff

v.                           1:04CV00096 WRW/JFF

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                              Defendant
```

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff, Fay Cragle Conner, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the

Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on high blood pressure and pain in her shoulder, back, neck, legs and arms. (Tr. 78, 239-40) The Commissioner found that she was not disabled within the meaning

of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 29, 2004, the date of his decision.  (Tr. 20)  On October 16, 2004, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-7)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 60 years old at the time of the hearing.  (Tr. 240)  She completed the eighth or ninth grade in school.[2]  (Tr. 241)  She has past relevant work as a home health service provider and sleeve presser.  (Tr. 15, 69-75, 239)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step

---

[1] The Hon. Garry L. Brewer.

[2] She consistently indicated that she completed the seventh grade. (Tr. 84, 171, 240)  When asked directly if that was the farthest that she got, she stated, "I went to the ninth, but I got about a seventh grade education."  (Tr. 241)

3

involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(b) (2003).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment.  Id., § 404.1520(c).  If not, benefits are denied.  Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling.  Id., § 404.1520(d).  If so, and the duration requirement is met, benefits are awarded.  Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence.  Id., § 404.1520(e).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work.  Id., § 404.1520(f).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 404.1520(g).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20) He found that Plaintiff had hypertension, elevated liver enzymes and a history of hypercholesterolemia. <u>Id.</u> He found that she had no impairment or combination of impairments which resulted in more than a minimal effect on her ability to perform work-related activities. <u>Id.</u> He found that she had no "severe" impairment. <u>Id.</u> Consequently, the ALJ concluded that Plaintiff was not disabled. <u>Id.</u>

Plaintiff contends that the ALJ erred in finding that she did not have a "severe" impairment. (Br. 8-17) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. <u>Gwathney v. Chater</u>, 104 F.3d 1043, 1045 (8th Cir. 1997); <u>Browning v. Sullivan</u>, 958 F.2d 817, 821 (8th Cir. 1992). It has "more than a minimal effect on the claimant's ability to work." <u>Hudson v. Bowen</u>, 870 F.2d 1392, 1396 (8th Cir. 1989).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2003).

The determination of whether Plaintiff had a "severe"

impairment, Step 2 of the sequential evaluation process, is based on medical evidence alone. Bowen v. Yuckert, 482 U.S. 137 (1987); Anderson v. Heckler, 805 F.2d 801, 805 (8th Cir. 1986); Riley v. Shalala, 849 F.Supp. 679, 681 (E.D. Ark. 1993), aff'd., 18 F.3d 619 (8th Cir. 1994); S.S.R. 85-28.

If a claimant is unable to show that she has a medically severe impairment, she is not eligible for disability benefits. Bowen v. Yuckert, 482 U.S. at 148. It is not unreasonable to require a claimant, who is in a better position to provide information about her own medical condition, to do so. Id., 146 n.5.

There is no indication that Plaintiff complained of pain in her shoulder, back, neck, arms or legs during the relevant time period.[3] Plaintiff testified that she did not go to doctors, other than the one her attorney sent her to, on a regular basis because she did not have the money. (Tr. 258) However, the volume of medical evidence and the frequency of laboratory and other testing belies that claim. (Tr. 110-33, 135-52, 162-65, 172-218)

Plaintiff contends that the ALJ improperly "threw out" the opinion of her treating physician and the opinion of a psychologist. (Br. 8-9) On January 20, 2004, Louis Campos, M.D., completed a residual functional capacity questionnaire pertaining to Plaintiff. (Tr. 166-70, 230-34[4]) The ALJ considered the questionnaire, but gave it no weight because it was unsupported by any objective medical

---

[3]There is medical evidence from as far back as 1983. (Tr. 172) It is difficult to see how such evidence might be relevant to the case at bar.

[4]The questionnaire was apparently submitted twice.

6

evidence and reflected limitations well beyond objective medical observations and findings in medical records that were in evidence. (Tr. 18)  In addition, it is apparent that Dr. Campos based his answers, at least in part, on Plaintiff's subjective complaints alone.  (Tr. 166, 167, 170, 230, 231, 234)

In early 2003, Vann A. Smith, Ph.D., completed a mental residual functional capacity questionnaire and a mental status examination. (Tr. 153-59)  The ALJ considered those, but gave them no weight because they were contradicted by the objective medical evidence and based on the unsupported medical history given by Plaintiff.  (Tr. 19)

> Supportability.  The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.  The better an explanation a source provides for an opinion, the more weight we give that opinion. . . .

20 C.F.R. §§ 404.1527(d)(3); 416.927(d)(3) (2003).

Residual functional capacity checklists, such as the ones completed by Drs. Campos and Smith, although admissible, are entitled to little weight in the evaluation of disability.  Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997); see Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

A one-time evaluation by a nontreating psychologist is of little significance by itself.  E.g., Loving v. Dept. of Health & Human Services, 16 F.3d 967, 971 (8th Cir. 1994).

The treating physician rule is premised, at least in part, on the notion that the treating physician is usually more familiar with a claimant's medical condition than are other physicians. Thomas v. Sullivan, 928 F.2d 255, 259 n.3 (8th Cir. 1991); see 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2) (2003). Dr. Campos' questionnaire, which he completed in January, 2004, indicated that he had been seeing Plaintiff once every two to three months since some point in 2003.

Plaintiff had the burden of proving that her impairment was "severe." See Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1995). Substantial evidence supports the ALJ's conclusion that Plaintiff did not meet that burden and did not have an impairment or combination of impairments that was "severe."

Plaintiff also contends that the ALJ failed to give appropriate weight to her subjective complaints. (Br. 19) As noted earlier, a Step 2 determination is based solely on the medical evidence.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see

also <u>Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 4th day of January, 2006.

                 /s/ John F. Forster, Jr.
              UNITED STATES MAGISTRATE JUDGE

Case 1:04-cv-00096-BRW   Document 13   Filed 01/04/06   Page 10 of 10